IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY CYRS,

        Plaintiff,

                Civil Case No. 08-12929

vs.

                HON. PATRICK J. DUGGAN
                Magistrate Judge Michael J. Hluchaniuk

ERIC K. SHINSEKI, *Secretary of United States Department of Veterans Affairs,*

        Defendant.

_____/

## STIPULATED PROTECTIVE ORDER

    IT IS HEREBY ORDERED THAT:

    1. Plaintiff Nancy Cyrs has requested that Defendant Eric Shinseki, Secretary of the United States Department of Veterans Affairs, produce certain records and information (hereinafter collectively referred to as "records"), which are deemed private and confidential under the Privacy Act of 1974, 5 U.S.C. § 552a. These records include records from Equal Employment Opportunity ("EEO") proceedings and may include communications, notes and affidavits of employees of the U.S. Department of Veterans Affairs who are not parties to this litigation.

    2. Disclosure of certain of these records is allowable pursuant to an order of this Court under 5 U.S.C. § 552a(b)(11), subject to the terms and conditions set forth below.

    3. This order is entered for the purpose of protecting the privacy rights of employees of the U.S. Department of Veterans Affairs from unreasonable disclosure of information, pursuant to the terms of the Privacy Act, 5 U.S.C. § 522a, and pursuant to the Federal Rules of Civil Procedure.

    4. All records of the U.S. Department of Veterans Affairs produced pursuant to this order

in response to Plaintiff's requests shall be deemed confidential and proprietary, and the production and use of said records in this civil action shall proceed only in accordance with the following terms:

    a. Defendant shall only designate records as subject to this order that Defendant reasonably believes warrant such treatment, and shall notify Plaintiff in writing of all records so designated;

    b. Plaintiff may challenge such designation by motion to the court. Such motion shall contain a certification that plaintiff has in good faith conferred or attempted to confer with defendant in an effort to resolve any disagreement about such designation;

    c. Counsel for Plaintiff will be provided with one copy of protected material, except as otherwise agreed to by the United States Attorney. No copies are to be made, other than those incidental to incorporation into a brief, or other document or material to be filed with this Court. Any such copy of the protected material submitted to or filed with the Court shall be under seal;

    d. Records produced by Defendant pursuant to this order shall be disclosed only to Plaintiff's attorney, and they may be disclosed by Plaintiff's attorney to Plaintiff. These records shall be maintained in strict confidence by Plaintiff's attorney and by Plaintiff. Plaintiff and her attorney are prohibited from copying such records or disclosing or discussing their contents, except as is necessary for purposes of this litigation. Plaintiff shall read a copy of this order and agree to abide by its terms before Plaintiff's attorney may disclose records produced pursuant to this order to her, or discuss such records with her;

e.  Records subject to this order may be used only for the purposes of this litigation;

f.  All records, copies, and summaries thereof, save those filed with the Court, shall be returned to Defendant (or destroyed upon agreement of defendant) within 60 days after termination of this litigation.  "Termination of this litigation" shall occur upon the entry of a final order of this court, or the expiration of the time for an appeal of the final order of the district court by any party, or the entry of the mandate by the court of appeals after the disposition of an appeal of the final order of the district court by any party, or the denial of a petition for writ of certiorari by the Supreme Court, or the disposition of an appeal by the Supreme Court, whichever applies. Plaintiff shall certify that all records and copies thereof have been returned to Defendant, or, if Defendant agrees, destroyed; and

g.  The parties shall take all reasonable steps to protect the privacy of individuals who are not parties to this litigation in any filing with the court that contain records or summaries of records that are protected by this order.  Such steps shall include, but are not limited to, using designations such as "Employee No. 1" or "Comparable No. 2" to refer to such individuals.

5.  This order does not constitute a ruling on the question of whether particular records are discoverable or admissible, and shall not be construed as a waiver by Defendant of any objections which might be raised as to the admissibility of any records that are produced pursuant to this order.

6.  This order does not prevent the United States Attorney from asserting any legally cognizable privilege to withhold any document or information.

7.  Any allegations of abuse or violation of this order will be considered by the court either

for purposes of determining whether it should enter sanctions, including a contempt of court order.

       S/Patrick J. Duggan
       Patrick J. Duggan
       United States District Judge

Dated:  February 23, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 23, 2009, by electronic and/or ordinary mail.

       S/Marilyn Orem
       Case Manager


| THE SANDERS LAW FIRM, P.C. | TERRENCE BERG |
| --- | --- |
| | Acting United States Attorney |
| /s/ Herbert A. Sanders | /s/ Theresa Urbanic |
| HERBERT A. SANDERS (P43031) | THERESA URBANIC (P68005) |
| Attorney for Plaintiff | Assistant U.S. Attorney |
| 635 Beaubien Street | Attorneys for Defendants |
| Detroit, MI 48226 | 211 W. Fort Street, Suite 2001 |
| (313) 962-0099 | Detroit, MI 48226-3211 |
| | (313) 226-9778 |

Dated:  February 20, 2009

4